IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STEVE KEMPLE | § | |
| v. | § | CIVIL ACTION NO. 6:04cv472 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Steve Kemple, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his petition, Kemple states that he was convicted of the prison disciplinary offense of possession of contraband on July 28, 2003, receiving punishments of 30 days of commissary and recreation restrictions, and a reduction in classification from State Approved Trusty III to State Approved Trusty IV. He argued that he was denied due process in this disciplinary case. The Magistrate Judge ordered the Respondent to answer and this answer contended that the statute of limitations had expired on Kemple's claims and that Kemple had failed to show the deprivation of a constitutionally protected liberty interest. Kemple filed a response to the answer.

After review of the pleadings and records, the Magistrate Judge issued a Report on June 22, 2005, recommending that Kemple's petition be dismissed. The Magistrate Judge, applying <u>Kimbrell v. Cockrell</u>, 311 F.3d 361, 363 (5th Cir. 2002), determined that the statute of limitations had expired on Kemple's claims. The Magistrate Judge also concluded that, because Kemple did not lose any good time, no protected liberty interest was infringed.

Kemple filed objections to the Magistrate Judge's Report on July 27, 2005. In these objections, Kemple argued that the Magistrate Judge incorrectly calculated the time during which his grievances were pending by failing to count the eight days following the filing of a grievance which was returned to Kemple for excessive or improper attachments. Kemple also contended that Kimbrell did not apply to his case because his grievances, unlike those at issue in Kimbrell, were timely filed, and that Kimbrell was wrongly decided by the Fifth Circuit in any event.

Next, Kemple argues that the statute of limitations should be equitably tolled by the fact that he filed grievances, with his limitations period commencing on the date that his Step Two grievance was denied. He cites a decision from the Northern District of Texas in support of this theory. Foley v. Cockrell, 222 F.Supp.2d 826 (N.D.Tex. 2002). However, Foley preceded Kimbrell by a month, and was thus overruled to the extent that it conflicts with Kimbrell. Furthermore, Kimbrell, a decision from the Fifth Circuit, would control in any event, and Kimbrell holds that the limitations period is tolled during the *pendency* of state administrative procedures; in other words, the time during which his Step One and Step Two grievances were pending. This view has been taken by the Northern District in cases decided after Kimbrell. *See* Bustos v. Cockrell, docket no. 2:01cv63 (N.D.Tex., August 19, 2003) (specifically counting the days during which the petitioner's Step One and Step Two grievances were pending as being the time which was tolled). This Court, being bound by Fifth Circuit authority, lacks jurisdiction to conclude that Kimbrell was wrongly decided. Kemple has shown no other basis upon which to equitably toll the statute of limitations, and his objection on this point is without merit.

Kemple also objects to the Magistrate Judge's conclusion that he did not suffer the violation of a constitutionally protected liberty interest, in that he did not lose any good time. He attempts to distinguishes Malchi v. Thaler, 211 F.3d 953 (5th Cir. 2000) by saying that the petitioner in Malchi was claiming a liberty interest in good time that he hoped to earn, while he, Kemple, was claiming a liberty interest in good time that he actually earned, but which was lost by the reduction in classification status through the back-dating of the reduction.

2

In Malchi, the petitioner Dobber Malchi argued that the result of his reduction in classification status had the effect of changing his projected date of release from November 5, 2000, to May 24, 2001; despite this, the Fifth Circuit held that the timing of Malchi's release was too attenuated to show that a constitutionally protected liberty interest existed. In the present case, Kemple argued that because he lost classification status, and this reduction in status was back-dated, he actually did lose good time, because good time which he earned at the higher level was taken away when the reduction was backdated. The Magistrate Judge correctly held that these situations are analogous and that the timing of Kemple's release, like Malchi's, was too attenuated to show that a constitutionally protected liberty interest existed. Malchi, 211 F.3d at 959; *see also* Bulger v. United States, 65 F.3d 48, 50 (5th Cir. 1995). While Kemple argues that Malchi was also wrongly decided, this Court lacks jurisdiction to so hold. His objection on this point is without merit.

Finally, Kemple states that the Magistrate Judge erred in granting "summary judgment" in that disputed questions of fact exist; specifically, whether he is time-barred and whether he actually lost good time. The relevant questions in this case, regarding whether the statute of limitations applies and whether a protected liberty interest was infringed, are questions of law, not fact. The Magistrate Judge did not err in recommending dismissal of the petition even if a summary judgment analysis is used. Kemple's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the state records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 1st day of September, 2005.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE